## THE COLUMBIA.

### (District Court, E. D. Pennsylvania. February 18, 1901.)

MASTER AND SERVANT—INJURY OF SERVANT—DEFECTIVE APPLIANCES.

 Libelant, a coal passer on a steamship, was assisting in removing ashes from the fire room. He filled buckets, which were then hooked to a chain, and drawn up through a ventilating shaft by means of a hand windlass by another member of the crew on the deck, who emptied the bucket, and again lowered it. An empty bucket falling down the shaft struck and injured libelant. He claimed that the bucket caught on one of several nuts that projected about half an inch into the cylinder of the shaft, and thus became detached from the hook; and that the ship was negligent in permitting the presence of the nuts, and in not providing a more secure hook. *Held*, that the court could not infer that the accident happened as alleged; and, in the absence of any proof as to the conduct and care of the man on deck, or that the bucket was in fact attached to the chain, and not accidentally dropped from the deck, the injury could not be charged to the improper construction of the shaft or hook.

In Admiralty. Libel for personal injuries.

Jos. I. Goodbread, for libelant.

Henry R. Edmunds, for respondent.

J. B. McPHERSON, District Judge. The libelant was a coal passer on the Norwegian steamship Columbia, and on August 23, 1900, was at sea on a voyage from Central America to the port of Philadelphia. As part of his duty, he was assisting to remove ashes from the fire room to the deck, the work being done in the following manner: A chain attached to a hand windlass on deck was let down through a ventilator to the fire room. To the end of the chain was fastened a round hook, having a turn of about $2\frac{1}{2}$ inches, and upon this hook the man on duty in the fire room hung a bucket filled with ashes. The bucket was then hoisted to the deck, where the man on duty there took it from the hook, and emptied the ashes through a funnel into the sea. Meanwhile a second bucket was being filled in the fire room, so that it might be in readiness to take the place of the empty bucket, when this should be again let down through the ventilator. Upon the day in question the libelant was at this work in the fire room, his right hand resting upon a full bucket standing under the elevator shaft, ready to be hung upon the hook, when the empty bucket fell down the shaft, and struck his hand, breaking several bones, and thus doing the injury complained of.

No one testifies how the accident happened, but I am asked to infer that the empty bucket, in its descent down the shaft, struck upon one of several nuts that projected about a quarter or a half of an inch into the hollow cylinder of the shaft, and was in this manner detached from the hook. The negligence complained of is the presence of the projecting nuts, coupled with the character of the hook,—especially the character of the hook. It is argued that the hook should have been S-shaped, or else provided with a ring, or a spring clasp, so that the bucket could not have become detached by any accident. It is evident, I think, that the character of the hook does not require attention, unless the court should conclude that the

accident was caused by the bucket becoming detached in consequence of striking a nut after the descent from the deck began; and to this conclusion I am unable to come. There is no direct evidence how the bucket came to fall, and it is quite as easy to infer that it fell down the shaft before it was attached to the chain at all, or that the fall was caused by a negligent moving of the chain by the man on deck after the descent had begun, as it is to infer that the man on deck was careful throughout, and that the injury was due to the improper construction of the shaft or of the hook. No evidence was offered concerning the conduct of the man who was at work upon the deck, and in this state of the proof I am of opinion that the libelant has failed to sustain the burden of proving the negligence of the ship by a preponderance of evidence.

The libel is dismissed, but without costs to the respondent.